MUSSMAN et al., Appellants, v. ZELLER et al., Respondents.

St. Louis Court of Appeals, November 29, 1904.

1. **PLEADING: General Denial.** Under a general denial, the defendant may introduce any evidence tending to show that the averments of plaintiff's cause of action are not true, or tending to establish any facts which would prove such allegations false.

2. **CONTRACT: Trust.** Where a deceased in her lifetime had made an absolute and unqualified assignment to another of certain property in his hands as agent, the heirs of the deceased can not afterwards impress a trust upon the property for their benefit, although the alleged trustee afterwards recognized and assented to certain directions as to the disposition of portions of the property, by the deceased, to be made after her death.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*James J. O'Donohoe* for appellants.

*J. L. Hornsby* for respondents.

REYBURN, J.—The plaintiffs by this proceeding sought to impress a trust in the hands of defendant, Julian T. Zeller, upon monies, notes and other personalty, aggregating about $3,000, received by him during

the lifetime of his aunt, Mary C. C. Mussman, chiefly for investment, and to account therefor as such trustee. Mary C. C. Mussman died on the nineteenth of August, 1899, and on July eighteenth prior executed an instrument reciting, that for twelve dollars and other considerations, the receipt of which was thereby acknowledged, she sold to Zeller all furniture and personalty then at No. 7119 South Broadway, second floor; also all securities, notes, etc., held by Zeller for her. Subsequently on the twenty-fourth of July, she addressed the following direction to Zeller:

"July 24, '99.
"Mr. J. T. Zeller;
"I want you to attend to me during my sickness, and in case of my death attend to remains and cemetery lot.
"I would like to have you give to the following the following amounts:

Frank Nebel, ........ ....................$300
Dr. Zeller, ..... ................ .......... 200
Each of Henry Mussman's children,..... 100
Melba and Julian Zeller, each, ........ 100
Julian T. Zeller, ...... .............. 200
Lulu Althof, ...... ................ ........ 150
My sister, Lena Schuler, ............. 100
Lily, ........ ........ ........ ................ 10

"Personal property I would like to have placed as instructed.
                              "MARY C. MUSSMAN.
"Witness my signature.
        "WM. McNAMEE."

The plaintiffs herein are the minor children of Henry Mussman, and the codefendants of Zeller are the remaining persons described in instrument of July 24th. Defendant Zeller in his defense pleaded a general denial and his codefendants united in a joint ans-

wer of same effect. Plaintiffs tendered a letter of date May 1, 1894, from Zeller to the deceased informing her that on April first prior, the amount of notes inclusive of interest to that date in his hands was $2096, and on the first of each month he would give her a check for the interest on such sum which would be the amount of hers in his charge until she should change it. The paper dated July 24, 1899, above exhibited, was introduced by plaintiffs, and they also offered from the files of the circuit court, city of St. Louis, the petition of the public administrator of the city of St. Louis in charge of estate of Mary C. C. Mussman, deceased, in action against Zeller for recovery of monies, notes and other personalty, charged to be in the hands of such defendants, the property of deceased. Also the answer of Zeller in such proceeding, which after denying generally the allegations of the petition continued thus:

"Further answering, defendant states that he is a nephew of said Mary C. C. Mussman, deceased; and that for several years prior to the death of said Mary C. C. Mussman, he acted as her agent and business manager, and as such had in his possession on July 18, 1899, personal property consisting of promissory notes and other evidences of debt, etc., belonging to said Mary C. C. Mussman; that on said eighteenth day of July, 1899, said Mary C. C. Mussman, for valuable consideration, assigned and transferred to plaintiff all of her said property, thus at that time in the possession of defendant, and also all of her personal property then at her residence, No. 7119 S. Broadway, St. Louis, that thereafter, on the ——day of July, 1899, said Mary C. C. Mussman requested defendant to pay to divers persons sundry amounts of money and sundry articles of the personalty so assigned to him as aforesaid; defendant states that in compliance with the request of Mary C. C. Mussman, defendant thereafter paid out a portion of said money so requested by said Mary C.

C. Mussman, to be paid by him, and he distributed a portion of the chattels required by him as aforesaid from said Mary C. C. Mussman, to certain of the persons mentioned by said Mary C. C. Mussman in her request to defendant as aforesaid. Defendant further states that but for the claim made by plaintiff to the property thus acquired by defendant of said Mary C. C. Mussman; defendant would have paid out the entire sum and all the chattels requested by said Mary C. C. Mussman as aforesaid, to be paid and distributed by him."

The plaintiffs also tendered, and the court admitted over defendant's objections, the memorandum of the court handed down in passing upon the same case, which incorporated the assignment of July 18, 1899, and reviewing the testimony gave judgment for defendant Zeller. The plaintiffs interrogated a number of witnesses respecting the amounts of money defendant Zeller had received from the deceased, and tending to establish the possession and delivery to him of sundry sums, but antedating July, 1899. The defendants submitted the case upon plaintiffs' testimony, and the trial court found for the defendants.

1. Appellants contend that the assignment of July 18, 1899, was not admissible under the pleadings, as the answer made no allusion to it and laid no foundation for its introduction. A defendant is compelled to set forth in his answer only such affirmative matters as would refute plaintiff's right of recovery, although the allegations contained in his petition were true, but under a general denial any evidence should be received tending to show that the averments of plaintiff's cause of action are not true, or to establish any facts directed to prove such allegations false. Jones v. Rush, 156 Mo. 364. Tested by these rules, the assignment was available by defendants as a defense without being affirmatively pleaded.

2. The personal property of the deceased, then

in the possession of defendant Zeller, as her agent, was made his absolute lawful estate and he was constituted unqualified owner and assignee thereof by the legal operation of the instrument of assignment, the validity and effect of which are not impeached. After vesting such unconditional ownership in Zeller, the deceased retained no further rights in nor further control over the subject of the assignment than of any other portion of Zeller's individual estate, whether for creating a trust therefrom or from any other disposition of any part of it. It was optional with Zeller, for reasons he might recognize as persuasive, to voluntarily carry into effect the wishes of his deceased relative embodied in the direction of July twenty-fourth, but that paper being drawn up and executed after she had parted with the title and ownership of the property involved imposed no legal obligation on Zeller to make such distribution. Nor does the answer of Zeller to the action brought by the public administrator as representative of the estate of the deceased, estop Zeller or impair his claim of unconditional proprietorship. An analysis of this pleading establishes the contention by him, sustained at the trial of the suit in which it was filed, that he had acquired, for valuable consideration, from deceased the property in question, while in his possession as her agent, that afterwards she had requested him to pay and distribute to persons designated various sums of money and specific personal articles, and in compliance with such request, he had proceeded to pay and distribute some of the property assigned to him and but for the claim of the public administrator would have paid out and distributed all the money and chattels requested by the deceased, but this answer contains no recognition of any legal liability on his part toward the beneficiaries of his aunt's wishes, nor is the position thus assumed repugnant to or inconsistent with the defense in this action, but the reverse, both corroborative and affirmatory. The cases

invoked and relied on by appellants fail of application to the facts presented in evidence, and the direction of July twenty-fourth was inoperative to create a trust, as the property had ceased by the solemn act of deceased to belong to her, was beyond her control thereby and had been disposed of to respondent Zeller.

The judgment is affirmed. All concur.