## GEORGE HELLMUTH, Appellant, v. LEE BENOIST, Respondent.

**Springfield Court of Appeals, June 6, 1910.**

1. **PLEADING: What Can be Shown Under General Denial: Contracts.** In a suit by an architect for the value of his services for preparing plans for a house, the petition declared on a *quantum meruit* and, under a general denial, the defendant was permitted to introduce evidence tending to show a specific contract by which the payment for plaintiff's services was conitioned that the house under his plans could be built for not to exceed a certain sum, and to also show the failure of the plans to meet this requirement. *Held,* that this evidence was admissible under a general denial, for it went to show that the contract sued on was never made.

2. ———: ———: ———. If the plaintiff ever had a cause of action, and for any reason his right to recover has been extinguished, then the facts which go to defeat his cause of action must be pleaded, but if it be true that he never had a cause of action, then any facts which go to show that he did not have may be proven under the general denial, and from this it follows that in a suit on a contract the defendant may, under a general denial, show that the contract actually made was materially different from the one sued upon by the plaintiff.

3. **PRACTICE: Trial Before Court: Declarations of Law.** When a case is tried before the court without a jury, the only purpose which declarations of law serve is to indicate the court's view of the law as applicable to the facts, and if it can be determined from the entire record that the court tried the case upon a correct theory of law, then the question as to whether the declarations given were conflicting or incorrect becomes immaterial.

Appeal from the St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*Andrew M. Sullivan* for appellant.

"A general traverse under the code authorizes the introduction of no evidence on the part of the defendant except such as tends directly to disprove some fact alleged in the complaint. Whenever a defendant intends to rest his defense upon any fact not included in the allegations necessary to the support of the plaintiff's case, he must set it out." Bliss on Code Pl., sec. 352; Kelerher v. Henderson, 203 Mo. 498; Northrup v. Trust Co., 47 Mo. 435; Guinette v. Ridge, 46 Mo. App. 254; Musser v. Adler, 86 Mo. 445; Higgins v. Railroad, 43 Mo. App. 547; Scudder v. Atwood, 55 Mo. App. 521; Turner v. Thomas, 10 Mo. App. 338; St. Louis Assn. v. Delano, 108 Mo. 217; Moore v. Ringo, 82 Mo. 468; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; Plow Co. v. Wayland, 81 Mo. App. 305; Allen v. Transit Co., 183 Mo. 424; McClure v. Ullman, 102 Mo. App. 697; Gibson v. Jenkins, 97 Mo. App. 27.

*Lyon & Swarts* for respondent.

(1) A contract to furnish plans and specifications for a house to cost not more than $10,000 is not complied with by furnishing plans and specifications for a house that would cost $14,000. Klein v. Whedon, 3 Mo. App. 579; Cann v. Rector, 111 Mo. App. 164; Maack v. Schneider, 57 Mo. App. 431; Moneypenny v. Hartland, 11 E. C. L. 414; Smith v. Dickey, 74 Texas 61; Emerson v. Kneezell, 62 S. W. 551; 2 Am. and Eng. Ency. (2 Ed.), 818. (2) Under a general denial, the defendant is at liberty to disprove and overthrow the contract asserted against him by proving that it was materially different from the one asserted. Wilkerson v. Farnham, 82 Mo. 672; Stewart v. Goodrich, 9 Mo. App. 125; Madison v. Railroad, 60 Mo. App. 599; Clemens v. Knox, 31 Mo. App. 185.

Hellmuth v. Benoist.

COX, J.—Action for services claimed to have been rendered by plaintiff to defendant as an architect, preparing plans for a building. The petition is in three counts. First: On *quantum meruit* asks judgment for three hundred dollars; second: on *quantum meruit* for three hundred ninety-two dollars and fifty-seven cents. The third is a separate statement on the two causes declared upon in the first and second counts, and asks judgment for the total sum of six hundred ninety-two dollars and fifty-seven cents. The answer is a general denial. Trial by the court and issues found for defendant, and plaintiff has appealed.

The evidence on the part of plaintiff tended to show that he had been employed by defendant to prepare plans for a building; that defendant furnished suggestions as to the character of house he wanted and that something was said about the cost of the building, but that no limit was fixed. That he had prepared a set of plans that were satisfactory to defendant, but that before bids were taken for the erection of the building defendant changed his mind and directed him to prepare other plans and agreed at that time that he would pay him for what he had done upon the first set of plans. That he furnished other plans that were satisfactory and that bids were received upon these plans, and after bids had been received the defendant refused to permit the house to be built, stating that the cost was too much. The testimony on the part of defendant tended to show that the agreement in the first instance was that the plans were to be for a house the cost not to exceed ten thousand dollars. That a house could not be built according to the plans prepared by plaintiff for the sum of ten thousand dollars. That the plans first prepared which defendant had directed to be changed were also for a house that would cost more than ten thousand dollars and that his agreement to pay for services performed upon the first plans was with the understanding that satisfactory plans should

be prepared under which a house to cost not to exceed ten thousand dollars could be built.

The errors assigned are that the instructions given by the court at the instance of defendant, and of its own motion, were erroneous and contradictory, and showed that the court held a mistaken view of the law and that the court erred in admitting incompetent testimony on the part of defendant.

Plaintiff's contention is that his cause of action, being founded upon a declaration for services rendered, and the petition having declared upon *quantum meruit,* that the testimony offered on the part of defendant, tending to show that there was a specific contract by which the payment of his services was conditioned upon his preparing the plans for a house that could be built for ten thousand dollars, was inadmissible under a general denial. That defendant could not take advantage of the specific contract, if there was one, unless he had pleaded it. The defendant contends that this evidence was admissible under a general denial, and upon this question depends the correctness of the judgment of the trial court.

Under a general denial defendant may prove any state of facts which tend to show that plaintiff never had a cause of action, and this marks the distinction between evidence that is admissible under a general denial, and that which, to be admissible, must be made so by special plea. If the plaintiff ever had a cause of action, and, for any reason, his right to recover has been extinguished, then the facts which go to defeat his cause of action must be pleaded, but if it be true that he never had a cause of action, then any facts which go to show that he did not have may be proven under the general denial, and from this it follows that under the general denial the defendant may show that the contract actually made was materially different from the one sued upon by the plaintiff. [Madison v. Missouri Pacific Railway, 60 Mo. App. 599; Clemmons

v. Knox, 31 Mo. App. 185; Wilkerson v. Farnham, 82 Mo. 672.]

Contention is made by plaintiff that this is an action upon *quantum meruit* for services rendered. While this is true as far as the amount of his recovery is concerned yet his pleading asserts a contract of employment which was complete except as to the price to be paid, his contention being that the payment for the services to be rendered was to be their reasonable value, and was not dependent upon any condition. The contention of defendant is that the contract of employment was conditioned that he should furnish plans for a house not to cost more than ten thousand dollars, and that this being the contract, and plaintiff having failed to furnish plans for such a house that he cannot recover. It seems clear to us that this testimony as to what the terms of the contract were was admissible under a general denial. It does not deny the employment of plaintiff but shows that the terms of employment were materially different from those pleaded by plaintiff, and, hence, went to defeat plaintiff's cause of action.

It is now contended by plaintiff that even though the court should find the contract to be as claimed by defendant, yet since defendant stopped work upon the first set of plans before they were completed that he must pay for services rendered up to that time. Generally speaking this contention would be correct, but defendant's answer to that is that the change in the plans was made under the same condition as the original employment and that he did not undertake to pay for services up to that time, but he agreed to pay for the extra work caused by the change in the plans, with the understanding that the plans, when completed, were to provide for a house that would cost not to exceed ten thousand dollars as originally contemplated. There was testimony tending to support

this contention and the court has found in defendant's favor upon that issue and we are bound thereby.

Plaintiff further contends that defendant accepted and used the plans prepared by him, and hence, is liable for their value to defendant whatever that may have been. The evidence does not sustain plaintiff in this contention. On the contrary the evidence shows the plans prepared by plaintiff were not used by defendant at all, nor were they considered by the subsequent architect who prepared the plans by which the defendant finally built a house.

Complaint is made that the declarations of law given by the court were conflicting and incorrect. When a case is tried before the court without a jury the only purpose which declarations of law serve is to indicate the court's view of the law as applicable to the facts, and if it can be determined from the entire record that the court tried the case upon a correct theory of law, then the question as to whether the declarations given were conflicting or incorrect becomes immaterial. In this case, at the close of the testimony, when declarations were asked by the parties, the court said, "I will give all the instructions asked by each side, and I am ready to dispose of the case now." Then proceeded to state his own views as to the law applicable to the case which is also preserved in this record, and from the court's statement of his theory of law it appears that the controlling issue in the case was as to whether the contract was merely one of employment without restrictions, or whether the employment was dependent upon plans being furnished for a house that would not cost more than ten thousand dollars, and, in this, we think the court was right, and he, having heard the testimony and found against the plaintiff, we cannot disturb his findings. The judgment will be affirmed. All concur.