J. E. WALSH, Administrator of the Estate of T. R WALSH, Deceased, Appellant, v. S. T. VENABLE, F. C. NOTROTT and EMMA NOTROTT, Respondents.*

Kansas City Court of Appeals. May 4, 1925.

1. **MECHANIC'S LIEN: Pleading: Under General Denial Permissible to Prove Contract Declared on Was Not Made by Showing Different Contract Had Been Entered Into.** In an action to enforce a materialman's lien based upon *quantum meruit* defendants, under their general denial, *held* permitted to show what real contract was, and evidence that under special contract plaintiff agreed to furnish materials and lumber for a certain amount, was properly admitted.

2. **APPEAL AND ERROR: Misapprehension of Trial Court in Allowing Disputed Credit Cannot be Considered Where Not Called to Trial Court's Attention, or in Motion for New Trial, But Raised for First Time On Appeal.** Where trial judge sitting as jury allowed defendant disputed credit under mistaken belief that plaintiff had not denied receiving payment of the amount thereof, the court's attention not being called thereto at the time, or in motion for new trial, and no declarations of law or findings of fact were asked or given, *held* that as the point was raised for first time on appeal it could not be considered.

---

*Corpus Juris-Cyc. References; Appeal and Error, 3 C. J., p. 881, n. 24; p. 967, n. 42. Mechanics Liens, 40 C. J., p. 452, n. 11.

Appeal from the Circuit Court of Linn County.—*Hon. J. E. Montgomery,* Judge.

AFFIRMED.

*Paul Van Osdol* for appellant.

*Henry J. West* for respondents, Notrott.

ARNOLD, J.—This is an action against a contractor and owners of the property to enforce a materialman's lien for lumber used in the construction of a house. Plaintiff seeks to recover an alleged balance of $874.74 against the contractor, one S. T. Venable, and to impress the same as a lien against the property of the owners F. C. Notrott and his wife, Emma.

The facts disclosed are that the Notrotts entered into a contract with S. T. Venable, a contractor, to build for them a house in the City of Brookfield, Linn County, Missouri, the plans and specifications therefor being prepared by one W. M. Workman. Venable asked bids for the material of two lumber dealers. The contract was secured by plaintiff who, as administrator of the Estate of T. R. Walsh, deceased, was conducting the business of the T. R. Walsh Lumber Company.

The petition alleges that plaintiff furnished to defendant Venable the materials and lumber for the construction of a two-story frame residence on a lot in the City of Brookfield belonging to F. C. and Emma Notrott; that the materials were furnished to Venable as the original contractor, under contract with the owners; that plaintiff provided the said materials and lumber as per an itemized account attached to the petition as an exhibit; that all just credits have been given and there is yet due and unpaid on said account the sum of $874.74.

It is not denied that the lien was timely filed and notice thereof given. The prayer asks judgment for said sum and that said amount and costs be adjudged a mechanic's lien against the building, land and improvements; that if sufficient property of defendant Venable

cannot be found to satisfy said judgment, interest and costs, that special execution shall issue against said building, land and improvements aforesaid. Attached to the petition was the account for materials and lumber furnished which formed the basis of the lien statement.

Defendants F. C. and Emma Notrott filed separate answers admitting ownership of the real estate described in the petition and that S. T. Venable erected for them under contract a two-story residence building thereon. Further answering said defendants make general denial of every other allegation in the petition. Defendant Venable failed to answer but defaulted.

The court, sitting as a jury, tried the issues. The finding was for plaintiff and against defendant Venable in the sum of $190, with interest from October 8, 1923, until judgment satisfied. The court further found and decreed that plaintiff have as further relief a special mechanics' lien against the land described in the petition and the buildings thereon, the property of F. C. and Emma Notrott; and that in the event no sufficient property of defendant Venable be found to satisfy the judgment, that special execution issue against said building, land and improvements, to satisfy said judgment.

A motion for a new trial being ineffectual, plaintiff appeals.

There are but two questions for our consideration in this review, to-wit, Did the court err in admitting, over plaintiff's objection, evidence of a special contract whereby plaintiff was to furnish all the material and lumber for the lump sum of $1740? and, Was the finding of the court against the weight of the evidence?

There was conflict in the evidence only on one item of payment made on the account sued on. Plaintiff admits payments thereon as follows: $500 by check April 4, 1923; $400 by cash June 30, 1923; $100 by check July 5, 1923; $150 July 24, 1923, making a total of admitted payments of $1150. In addition to these S. T. Venable

testified that he paid plaintiff in cash at the latter's office in May, 1923, an additional amount of $400; and in corroboration of this statement defendants introduced in evidence a bill dated April 16, 1923, for part of the lumber, at the bottom of which was shown in dim writing the words "Cr. $400." Venable testified this was a receipt for payment of said amount and that it is the only one he had therefor. Plaintiff denies ever having received this payment and states the notation above referred to is not in his handwriting. It is chiefly around this item that the controversy is waged.

As we understand plaintiff's position it is that the suit is based upon *quantum meruit,* and that it is defendants' contention that there was a special contract whereby plaintiff agreed to furnish the materials and lumber for the sum of $1740, after considering the plans and specifications for the house.

The contractor Venable, over the objections of plaintiff, testified that before he bought the lumber he submitted the plans and specifications for the house to plaintiff and also to the Clay & Hill Lumber Company and asked for bids from each thereon; that plaintiff's bid was higher than his competitor; that he so notified plaintiff who then made another bid of $1740 which was accepted. In corroboration of this testimony Mr. and Mrs. Notrott both testified that in October, 1923, after completion of the house plaintiff called them to his office and that on this occasion Notrott asked plaintiff how much the lumber was costing and plaintiff stated $1740; that Notrott made a memorandum of this amount in a pocket note book. The Notrotts corroborate each other in this circumstance and the note book memorandum was received in evidence.

It is urged that the admission, over plaintiff's objection, of evidence relative to the special contract was error because such contract was not specially pleaded and because the petition was based upon the lien statement;

that under general denial, defendants may be permitted to show that plaintiff had no cause of action but may not show special circumstances tending to prove that plaintiff had another, or different cause of action, and consequently cannot recover on the cause of action stated.

We cannot accept this position as meritorious. A similar question was raised and fully considered by this court in the case of Parker Corn Co. v. Sexton, 217 S. W. 616, l. c. 617, where it is said:

"Under a general denial it is permissible to prove the contract declared on in the petition was not the one made, by showing some other materially different contract was made. The proof of the real contract, thus, as a matter of fact, shows the one declared on was never entered into. [Wilkerson v. Farnham, 82 Mo. 672; Jones v. Rush, 156 Mo. 364, 57 S. W. 118; Hellmuth v. Benoist, 144 Mo. App. 695, 129 S. W. 257; Mussman v. Zeller, 108 Mo. App. 348, 83 S. W. 1021; Clemmons v. Knox, 31 Mo. App. 185, 199.]"

To the same effect is Hellmuth v. Benoist, 144 Mo. App. 695, 699, 129 S. W. 257, where it is said: "It seems clear to us that this testimony as to what the terms of the contract really were was admissible under a general denial. It does not deny the employment of plaintiff, but shows that the terms of employment were materially different from those pleaded by plaintiff, and, hence, went to defeat plaintiff's cause of action."

The rule enunciated in the opinions from which we have quoted unquestionably declared the law on this subject. Applying the rule to the facts presented in the case at bar, the situation presented is this: Plaintiff bottoms his action on *quantum meruit* for materials and lumber furnished; thus a contract was complete except as to the price to be paid, his contention being, in fact, that the amount to be paid for the materials and lumber furnished was to be their reasonable value, and was not dependent upon any condition. The contention of defendants is that the contract was conditional that plaintiff

should furnish the materials and lumber for the sum of $1740. Defendant was entitled to show what the real contract was, and the evidence complained of was properly admitted under the general denial.

Another question presented in plaintiff's brief is directed to the propriety of the allowance of the $400 credit. This contention is based upon a remark of the trial court at the close of the evidence to the effect that "Mr. Walsh did not deny about the man doing the work, and Mr. Walsh did not deny the credit of $400 . . ." The record discloses that there were two credits in the amount of $400 each claimed by defendant Venable, one on June 30, 1923, and one on April 16, 1923. It is not clear from the record to which of these credits the remark of the court referred, but as the one claimed as of April 16th is the only one about which there is any dispute, we may assume that is the one to which the remark applied. Plaintiff insists that where it is clear from the record that the trier of the facts has made a finding which is based on error or mistake, the appellate court may review such question of fact. It is pointed out that, as a matter of fact, Walsh did deny the payment of $400 as of April 16, 1923, and it is clear that the trial judge sitting as a jury allowed the disputed credit of this amount, on the erroneous and mistaken belief that plaintiff had not denied receiving payment of this item, as the statement was made prior to the announcement of the decree. The record fails to disclose, however, that the court's attention was called, at the time, to his alleged misapprehension, nor does the motion for a new trial refer to it. No declarations of law or findings of fact were asked by either of the parties and none were given. We conceive it to have been plaintiff's right and duty to have a finding of fact as to the point involved if he desired to save this point. This was not done and the point is raised for the first time in this court and is therefore not before us for review.

Failing to find reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.