OSSIAN E. DODGE

*vs.*

THE MINNESOTA PLASTIC SLATE ROOFING COMPANY.

In an action against a corporation, by its corporate name, it is not necessary, for the purpose of alleging its existence, to aver the authority or act by or under which it was created.

To constitute a waiver of claim for a breach of warranty or contract, the acts or circumstances relied on as a waiver, must have been performed, or have transpired after the party against whom the waiver is urged knew, or should have known of such breach of warranty or contract.

Certain facts alleged in a complaint, considered with reference to their effect as a modification of an original agreement.

The defendant in this cause appeals from an order of the Court of Common Pleas for Ramsey County overruling its demurrer to the plaintiff's complaint. The allegations of the complaint are:

That the said defendant is a corporation, constituted and organized under the laws of the State of Minnesota, and empowered, among other things, to make and furnish roofs as described in the agreement hereinafter mentioned; that during the year 1866, the said defendant agreed with said plaintiff, in consideration of a certain compensation to be paid to said defendant, to construct and furnish for said plaintiff upon a certain building of said plaintiff, in the city of St. Paul, in said county, consisting of certain tenements or dwelling houses, commonly known as the "Alpine Cottages," a first class Plastic Slate roof, which should be durable, wind-proof, water-proof, and fire-proof, and be con-

structed in a skillful, workmanlike and substantial manner, and which (after two weeks from its completion) should not impregnate the water which might be conducted from said roof, with any tar or other material of which said roof might be composed, nor otherwise render the said water impure. That said defendant pretending to comply with said agreement, in 1866, constructed a roof upon said building which said defendant then and there represented to the plaintiff to be of the description and quality called for by said agreement, and that the said plaintiff, relying upon said representations, on the 22d day of November, 1866, paid said defendant the sum of five hundred dollars, with the understanding between said parties that said defendant should furnish plaintiff sufficient material for another coat of the composition of which said roof was made—or slate cement, so-called—when desired by plaintiff, and which said sum was the full compensation demanded therefor by said defendant. That, thereafter, said roof appeared to require another coat aforesaid, and said defendant, in the spring of 1867, at the request of said plaintiff, put said other coat upon said roof, and that said plaintiff, still relying upon the representations of said defendant that the said roof was of the description and quality called for in said agreement first aforesaid, paid to said defendant the sum of $63.10, being the full compensation demanded by said defendant for said work.

And the said plaintiff says that prior to the commencement of this suit, and shortly after the payment of said money last mentioned, he discovered that the said roof was not of the quality or description called for and required by said agreement, or as represented to be by said defendant as aforesaid; and said plaintiff shows that the said roof constructed by said defendant was of inferior quality and

Dodge v. The Minnesota Plastic Slate Roofing Company.

unskillfully and imperfectly constructed and insufficient for the purposes of a roof for said building.    That it has never been either wind-proof or water-proof.    That the same has leaked badly and been constantly shaken and loosened by the wind, and has been so defective and imperfect in its structure and composition as to be unserviceable and worthless from the time of its completion, and that a short time after its completion it became cracked, wind-shaken and leaky.      *          *          *          *          *          *          *

That the plastering and interior of said building has been much stained and injured by the leakage of said roof made by the defendant.    That the water conducted from the roof of said building, (since the expiration of two weeks after the completion of said last mentioned roof) into cisterns has always been impure and unfit for use, by being impregnated with tar and other offensive matter derived from said roof.      *      *      *      That ever since the roof last mentioned has been placed upon said building, the comfort, convenience, use and enjoyment of said tenements or dwelling houses have been much impaired, and that said plaintiff, by reason of the facts aforesaid, and the said defects and imperfections in the said roof last mentioned, has been greatly annoyed and put to great inconvenience.      *      *      *      That the said defendant has not complied with the agreement of said defendant first aforesaid in manner before stated, and plaintiff says that he has been greatly damaged thereby, and by reason of the failure of the said defendant to make and furnish a roof for his said building in accordance with the agreement of said defendant, and by the said acts of the said defendant aforesaid, in manner aforesaid, and claims damages against said defendant in the premises in the sum of two thousand dollars.

Dodge v. The Minnesota Plastic Slate Roofing Company.

STEARNS & START, for Appellant.

I.—The demurrer is well taken, and the Court below erred in overruling the demurrer, because actions can only be maintained against natural or artificial persons; and the name by which the defendant is sued in this case does not import a natural person, and to make out a cause of action against the defendant, the plaintiff must allege and prove the fact that defendant is incorporated and capable of entering into the contract set up in the complaint. *Becht vs. Harris et al.*, 4 *Minn.*, 504; *Stoddard vs. Onondaga Annual Conference*, 12 *Barb.*, 574.

The complaint alleges that the "defendant is a corporation constituted and organized under the laws of the State of Minnesota." This is clearly an insufficient allegation of the fact of the incorporation of the defendant when tested by the requirements of *Section 94, page 462 of the General Statutes.*

Compare *Public Statutes, page 414, See. 52*, as construed by this Court in *Babcock vs. Cobb*, 11 *Minn.*, 353, with *Gen. Statutes, page 462, Sec. 94.*

The complaint does not refer to the *act of incorporation*, or to the *proceedings* by which defendant was created, and leaves the question whether defendant was created by a special law or organized under the general law in regard to corporations, in doubt, and thus fails to state facts sufficient to constitute a cause of action.

II.—The complaint on its face shows—

1st. That in the year 1866, the defendant agreed with the plaintiff to manufacture for the plaintiff a Plastic Slate Roof, and put the same on a specified building.

2d. That in the year 1866, the defendant, in pursuance

Dodge v. The Minnesota Plastic Slate Roofing Company.

of said agreement, manufactured for the plaintiff a Plastic Slate Roof and put it on said building.

3d. That on the 22d day of November, 1866, the plaintiff settled with the defendant for said roof by paying all that was demanded therefor.

4th This suit being for damages for an alleged breach of said agreement, these facts appearing on the face of the complaint make a *prima facie* case against the plaintiff. The law abhors litigation and will not allow a settlement to be disturbed for slight cause. In the interest of peace and quiet, it will construe strictly any pleading the purpose of which is to disturb such settlement, and will give the weight of all reasonable presumptions against it.

III.—The complaint alleges that the defendant agreed that the roof in question should possess certain qualities which it is alleged it did not possess; but,

1st. No fraud or mistake is alleged.

2d. Though it is alleged that some time subsequent to the spring of 1867, the plaintiff *discovered* that the roof was not of the quality or description required by the agreement, it is not alleged that he then discovered it for the *first time*, or that he had made any effort whatever to ascertain the quality of the roof before settling for it, nor is it alleged that there were any latent defects in the roof. On the other hand, it is alleged that the same has leaked badly, &c., and has been worthless from the time of its completion, which we have a right to presume was in January, 1866, and these facts must have been known to the plaintiff at the time or he could not now allege them positively.

IV.—It is well settled that a vendee by accepting, without objection, goods ordered or contracted to be furnished, or articles manufactured pursuant to an agreement, waives all objection on account of defects therein, except such

latent defects as were at the time unknown to the vendee, and could not have been discovered by inspection and in case of fraud or mistake. *Wilkins vs. Stevens*, 8*th Vt.*, 214; *Austin vs. Wheeler*, 16*th Vt.*, 95; *Reed vs. Randall*, 29*th N. Y.*, 358; *Hangous vs. Stone*, 1 *Selden*, 73.

V.—The complaint shows a modification of the original contract, and a complete performance on the part of the defendant under the modified agreement.— *Walker vs. Millard*, 29 *N. Y.*, 375; *Thorpe vs. White*, 13 *John.*, 53.

H. J. Horn for Respondent.

I.—As to the point of appellant or ground of general demurrer, wherein appellant claims that the complaint should refer to the act of incorporation or the proceedings by which such corporation was created.

It is believed that this position is not only unwarranted by authority but contrary to common practice. "A corporation may be declared against by the name by which it is known, *without alleging it to be chartered or incorporated; if the declaration impliedly amounts to an allegation* that the defendants are a corporate body." *Angel & Ames on Corporations, Sec.* 649. (*Edition* 1866.)

*Section* 94, *Chapter* 66, *of the General Statutes*, was evidently intended to *simplify* pleadings in those cases where it was *previously* necessary to plead the charter of a corporation at length.

The appellant claims (as it is understood) that by reason of the plaintiff having paid the defendant for the roof in question, that he has waived his claim of damages for a breach of the contract.

The cases cited by the appellant of a waiver of objection

on the part of a vendee by his acceptance of goods contracted to be furnished, are not analogous to this case.

The defendant contracted ,not only to make the roof in question, but also that it should be *wind proof and water proof*, and in two weeks *after completion* should not impregnate the water running into the cisterns. In all of these respects there was a breach of the contract, and the defects in question were from the nature of the case *not patent*.

The plaintiff could not know whether it was wind proof or water proof until it had been sufficiently tested by the wind and water, nor could he complain of the impregnation of the water in the cistern until after two weeks after the completion of the cistern. See *Story on Contracts*, *Vol.* 1, *page* 586.

Besides the terms of the contract were tantamount to a warranty on the part of the defendant. This in itself is a sufficient answer to the position of the appellant. *Parsons on Contracts*, *Vol.* 1, *page* 579–580.

If the defendant has any claim to a waiver of damages on the part of the plaintiff, it should be set up as a defence by way of answer, for the complaint certainly shows no such waiver, nor does it show a state of facts from which a waiver may be implied.

*By the Court.*—McMillan, J.—At common law in an action against a corporation, by its corporate name, it was not necessary, for the purpose of alleging its existence, to aver the authority or act by or under which it was created. *Angell & Ames on Corp. Sec.* 632, *and authorities cited;* *Woolf vs. City Steamboat Co.,* 62 *E. C. L.,* 103; *Bank of Utica vs. Smalley,* 2 *Cow.,* 778; *Union Mut. Ins. Co. vs. Osgood & Alden,* 1 *Duer,* 708; *Lighte et al. vs. Everett F.*

*Ins. Co.*, 5 *Bos.*, 716. The statute relied on by the defendant—*Gen. Stat. Chap.* 63, *Sec.* 94—was intended to apply only in cases where it was necessary at common law for the pleader to set forth the law upon which he relied in the suit, and, in order to obviate the necessity of pleading at length the statute relied on, renders it sufficient, in actions by or against domestic corporations, to refer in the pleading to the act or proceedings by which such corporation was created. To constitute a waiver of a claim for a breach of warranty or contract, the acts or circumstances relied on to constitute the waiver must have been performed or have transpired after the party against whom the waiver is urged, knew or should have known the facts constituting the breach of warranty or contract. In this case the payment for the roof was made upon its completion. None of the defects in the roof, if they existed, could reasonably have been discovered for some time thereafter, and it would depend on circumstances how long thereafter; the acceptance of the work and payment therefor by the plaintiff, cannot, under these circumstances, be construed either into an admission that there was no deficiency in the work, or a waiver of his claim for a breach of the contract. So far as the complaint is concerned, we think it does not appear that there was any modification of the original contract which should prevent the plaintiff from relying upon the original agreement of the defendant as to the description and quality of the roof at its completion in the spring of 1867, or release the defendant from its liability under the original contract in regard to these matters.

The order overruling the demurrer is affirmed.