FAIRCHILD *v.* HAGEL.

Decided December 13, 1890.

*Foreign administrator—Assets—Land in this State.*

> A foreign administrator cannot sue for possession of his intestate's land in this State; nor is he liable to an action for rents and profits which accrued on account of the occupancy by his intestate of another's land in this State.

APPEAL from *Randolph* Circuit Court, in Chancery.

J. W. BUTLER, Judge.

*Sanders & Watkins* for appellant.

*Sam W. Williams* for appellee.

Appellant cannot recover as administrator of his wife in Illinois. Letters could not be granted him here (Mansf. Dig., sec. 14), and sec. 4937 must be construed with sec. 14. While our statute permits foreign administrators to sue in

this State (sec. 4937) and recover assets, yet lands in this State are not assets in the hands of a non-resident administrator, nor can a probate court grant letters to a non-resident. 34 Ark., 118; 31 *id.*, 539; 16 *id.*, 259; 30 *id.*, 231. See, also, on this subject, 17 La. An., 15; 14 *id.*, 633; 17 Vt., 319; 19 Wend., 382; 3 Mass., 514; 4 Bush (Ky.), 27; 1 Root. Conn., 413; 1 Allen, 132; 2 Humph., 224.

BATTLE, J. Eli Fairchild, as administrator of Susan E. Fairchild, deceased, brought this action in the Randolph circuit court, on the chancery side, against R. H. Black and William James, for the possession of certain lands described in his complaint. He based his right to sue as such administrator upon a grant of letters of administration by the county court of Jefferson county, in the State of Illinois, and alleged that he, as such administrator, was the owner and entitled to the possession of the land by virtue of a deed executed to his intestate in her lifetime, and alleged that he was kept out of possession by the defendants.

The defendants answered and denied that they were in the wrongful possession of the land, and alleged that they had been put in possession by Dias C. Hagel; that he and Lewis Boswell purchased the land from Elijah Dunn on the 2d of January, 1879, and paid a part of the purchase money, and executed their notes for the balance; that Dunn executed to them a bond and thereby bound himself to convey the land to them when all the purchase money was paid; and from some cause unknown, and in the absence of Hagel, Boswell caused Dunn to convey the land to him instead of to him and Hagel; and that afterwards, on the 10th of January, 1881, Hagel caused Dunn to convey to him one undivided half of the land according to the terms of his bond.

Hagel was made a defendant and answered, adopting the answer of his co-defendants, and further said that, after the purchase by Boswell and Hagel, Boswell took control and remained in posssesion of the land for three or four years and until his death; that, when they purchased, forty acres of

the land were in cultivation, and that the annual use of it was worth four dollars per acre ; and asked that Hagel's interest be declared to be one-half of the land ; that an account be taken between him and Boswell ; and that the land be divided.

Plaintiff deraigned title through deed made by Dunn to Boswell. It was shown that Boswell died intestate, leaving Susan E. Fairchild and William Boswell his only heirs at law ; and that William Boswell conveyed the interest in the land inherited by him to Susan E. Fairchild. The defendants adduced evidence tending to prove the allegations contained in their answers.

The court found the facts to be as stated by the defendants ; and appointed a master and directed him to state an account between Hagel and Lewis Boswell and his legal representatives, and ascertain and report the indebtedness of the respective parties to each other on account of purchase money paid, rents received and improvements made by them on the land.

The master reported that Lewis Boswell and his legal representatives were chargeable with $841.50 for the use of the land in controversy, and the court approved his report.

The court, finding that Hagel and Lewis Boswell purchased the land in controversy, that Boswell and those claiming under him enjoyed the rents and profits thereof from January, 1879, to January, 1888, that the rents and profits amounted, on the 1st of January, 1888, to $841.50, that Susan E. Fairchild was entitled to Boswell's interest in the land, that Hagel is entitled to one-half of the land and rents and profits, and that Dunn conveyed the whole of the land to Boswell, ordered that the deed made by Dunn to Boswell be so reformed as to convey to Boswell one undivided half of the land ; that the land be divided between the parties according to their respective interests ; and that Hagel recover of the plaintiff the sum of $420.60 as his share of the rents and profits : and declared such sum to be a lien on the interest in the land owned by plaintiff as administra-

tor; and directed the master to sell such interest if the lien was not satisfied within thirty days. And thereupon plaintiff appealed to this court.

Foreign administrator—Lands in this State.

At common law an executor or administrator has no right to bring or maintain a suit in his official capacity in the courts of any country other than that from which he derives his authority to act by virtue of the letters testamentary or administration there granted to him. But the statutes of this State provide that "administrators and executors appointed in any of the States, Territories or Districts of the United States, under the laws thereof, may sue in any of the courts of this State, in their representative capacity, to the same and like effect as if such administrators and executors had been qualified under the laws of this State." (Mansf. Dig., sec. 4937). But they do not undertake to say what shall be assets in the hands of the foreign administrator or executor. They simply authorize them to sue in any of the courts of this State in their representative capacity. It is obvious that they confer no authority to sue for anything which cannot become assets in the hands of the foreign administrators or executors for the payment of debts against the estate of their testates or intestates.

Lands at common law are not assets in the hands of an administrator. They are only made so by the statute. When the owner dies intestate, the legal title to his lands in this State descends to and vests in his heirs at law, subject alone to his widow's dower and the payment of his debts. Under our statutes such lands are assets in the hands of an administrator or executor appointed by our courts, and no others. No foreign executor or administrator has the right to take or hold them by virtue of his appointment. His appointment is of no effect in this State, except that given by our statutes. Inasmuch, therefore, as the land in this State belonging to the estate of his testator or intestate are not assets in his hands, he has no right to sue for or recover them. Mansf. Dig., secs. 68–71, 170–187.

Inasmuch as appellant had no right to the possession of the land in controversy, he is not liable in his fiduciary capacity for taking exclusive possession of the same and occupying it. He is not, individually or as administrator, liable for rents and profits which accrued on account of the occupancy of the land by Lewis Boswell. Consequently the court erred in rendering judgment against him as administrator for the sum of $420.60, the one-half of the entire rents and profits which accrued from the occupancy of the lands by Boswell and those claiming under him.

The circuit court erred in reforming the deed of Dunn to Boswell, in ordering partition and dividing rents and profits, the heirs of Susan E. Fairchild not being parties to the action, and only one party in interest being in court.

The decree of the circuit court is therefore reversed, and the complaint is dismissed. Judgment will be entered here in favor of appellees against appellant for the costs which accrued in the lower court, and in favor of appellant against appellees for the costs of the action in this court.