GUSTAV KERN v. CHARLES A. COOPER and Another.[1]

December 18, 1903.

Nos. 13,681—(136).

**Administration—Possession of Real Property.**

Pending the time of the settlement of an estate in the probate court, the administrator or executor is entitled to recover real estate in the possession of the heir, without affirmatively showing that such recovery is necessary for the purpose of administration, and the burden of proof is upon the heir to show the contrary.

Action in the district court for Benton county by plaintiff, as administrator of the estate of Harriet A. Kern, deceased, to recover possession

[1]Reported in 97 N. W. 648.

of certain land belonging to the estate of deceased, and $200 for the detention thereof. The case was tried before Searle, J., who directed a verdict in favor of plaintiff for possession of the land and $100 for its detention. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Stewart & Brower,* for appellants.

*Geo. H. Niles* and *Lindbergh & Blanchard,* for respondent.

LEWIS, J.

Harriet A. Kern, wife of respondent, was owner of certain premises, and died intestate, leaving her surviving, as sole heirs, a husband and five minor children. Respondent was appointed administrator of the estate, and guardian of the minor children. Shortly thereafter, on behalf of himself and as guardian of the minors, he executed and delivered to one Maria Brick a lease of the land for the term of five years; the consideration being an annual cash rental, which was later assigned to a third party for the benefit of appellant Cooper. After the execution of the lease, respondent, on behalf of himself and as guardian of the minors, entered into a contract with Cooper whereby he agreed to convey the land in consideration of a stipulated amount; part to be paid in cash, and the remainder on time. Thereafter Cooper entered into a contract with appellant Gerzema to sell to him the same lands, and, upon paying a part of the purchase price, Gerzema went into immediate possession, with respondent's consent. The present action was brought by respondent, as administrator, to recover possession of the lands. The answer set up the lease and the contracts of sale, and appellants claim possession thereunder. At the close of the case the court instructed the jury to return a verdict in favor of respondent for recovery of the property, and appeal was taken from an order denying appellants' motion for judgment in their favor notwithstanding the verdict, or for a new trial.

For the purposes of this case, we shall assume, without deciding, that, as between the guardian, for himself and the minors he represented, appellants were entitled to possession of the premises under the lease and contracts. The real question involved is this: Pending the time of the settlement of an estate, is the administrator entitled to the possession of real estate, when it is in the possession of the heir, with-

out affirmatively showing that possession is necessary for the purposes of administration? If such right exists at all, it is by virtue of section 4496, G. S. 1894, which reads:

> "The executor or administrator shall have the right to the possession of all the residue of the real and personal estate of the decedent, and to receive the rents and profits of the real estate, until the estate is settled, or until delivered over by order of the probate court to the heirs or devisees, and must keep in good, tenantable repair, all houses, buildings, and fixtures thereon which are under his control."

Under this section, where the premises are in the possession of those not heirs or devisees, it is very clear that the administrator not only has the right to possession of all the property belonging to the estate, but that it is his duty to take possession of the same and conserve it for the benefit of the heirs and devisees, but, where the property is already in possession of those entitled to it, possession by the administrator may not be necessary. The title to real estate vests immediately in the heir upon the death of the ancestor, and the right of possession is in the heir or devisee until the personal representatives assert their right and take possession by virtue of the statute. Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197; Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451. To the same effect with respect to personal property, see Granger v. Harriman, 89 Minn. 303, 94 N. W. 869.

Conceding appellants were in possession as grantees of the heirs, it does not follow that the burden of proof was upon respondent to show that he was entitled to possession for the purpose of administration. There was no proof offered upon this question by either respondent or appellant, and upon whom did the burden fall? While the question has never been directly decided by this court, it has been assumed that the right of possession conferred by the statute was absolute. In Miller v. Hoberg, 22 Minn. 249, it was held that the right of an administrator to the possession of real estate does not depend upon the insufficiency of the personal property to pay the debts, and that he might sue for such possession without an order of the court; and in the course of the opinion it was stated that the statute above quoted gives the administrator the right to the possession, and to the rents, issues, and

profits, and attaches no condition or qualification to such right, and that the heirs have the right to possession as against every one but the administrator or his tenants, and such right exists until the estate is settled, or until delivered over by order of the probate court. Although not necessary to the decision of that case, this language is entitled to weight as bearing upon the proper construction of the statute.

The fact that respondent was appointed administrator is prima facie evidence that administration of the estate was necessary, that there were outstanding debts, and that possession of the premises in question was required by him for the purposes of administration. If there were no debts, nothing to administer, and the estate had passed into the possession of the heirs or their grantees, the burden was upon the latter to show that possession by the administrator was not necessary. Not having done so, the order of the court was right.

Order affirmed.