KANDEE JENKINS v. FREDERICK JENKINS.[1]

June 10, 1904.

Nos. 13,810—(75).

**Descent of Real Estate—Jurisdiction of District Court.**

In an ejectment suit at close of plaintiff's case the court dismissed the action. *Held:*

1. Title to real estate vests in the heir at the death of the ancestor, subject only to the right of possession by the administrator or executor for the purposes of administration.

2. The evidence was to the effect that plaintiff derived title as the surviving wife from her deceased husband.

3. The defendant neither pleaded nor claimed to be in possession as administrator.

4. A decree of distribution in the probate court was not essential to confer jurisdiction upon the district court.

Action of ejectment in the district court for Aitkin county. The case was tried before McClenahan, J., who granted defendant's motion to dismiss, upon conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*J. N. True,* for appellant.

*F. E. Ebner* and *Louis Hallum,* for respondent.

LEWIS, J.

This is an action in ejectment for the possession of certain real estate, and the complaint alleged that plaintiff was the owner in fee simple, entitled to possession, and that defendant was in possession. The answer admitted possession in defendant, denied title in plaintiff, and alleged it in defendant. At the trial plaintiff introduced evidence to the effect that the premises in question belonged to one George Jenkins in his lifetime, who was plaintiff's husband by common-law marriage, and that her title was derived from him as his surviving wife. At the close of plaintiff's case the court, on motion, dismissed the action upon

[1] Reported in 100 N. W. 7.

the ground that it had no jurisdiction of the subject-matter, and that is the only question before us.

It appeared during the trial that defendant was in possession of the premises, but such possession was claimed under an independent deed, executed and delivered by George Jenkins in his lifetime. It also appeared that defendant had been appointed administrator of deceased, and there was oral testimony tending to show that the administration had been closed; but it does not appear whether a decree had ever been entered distributing to the proper heirs the real estate described in the complaint.

In Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197, it was held that an administrator cannot maintain an action for trespass upon real property committed after the death of an intestate, unless he has first asserted his right under the statute by taking possession of the real property; that the possession of real estate prima facie devolves upon the heirs or devisees; that the personal representative may take possession, but until he does the heirs or devisees alone can sue for trespass. To the same effect is Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451. And the same principle is reiterated in Fleming v. McCutcheon, 85 Minn. 152, 88 N. W. 433, as follows: "The title to real estate vests in the heir on the death of his ancestor, subject only to the right of the administrator to take possession of it, and sell it, if necessary, for the payment of the debts of the intestate."

It is unnecessary to consider the other assignments of error, for plaintiff can only recover upon the strength of her own title, and not upon the weakness of defendant's title; but having introduced evidence which tended to show that she was the surviving wife of George Jenkins, and as such was the owner of at least a part of the premises, a prima facie case was made out, and defendant was called upon to justify his possession under the allegations of his answer. He did not plead nor claim to be in possession as administrator. The court had jurisdiction, and it was error to dismiss the case.

Order reversed.