GUSTAV KERN v. CHARLES A. COOPER and Another.[1]

April 20, 1906.

Nos. 14,690—(59).

**Administrator—Possession of Realty.**

In an action by an administrator against the assignee of an heir of his intestate to recover possession of land, *held,* that a finding of the trial court to the effect that possession of the land by the administrator was necessary for the purposes of administration was sustained by the evidence, and, further, that there were no reversible errors in the rulings of the trial court as to the admission of evidence.

Appeal by defendants from an order of the district court for Benton county, Searle, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff. Affirmed.

*Stewart & Brower,* for appellants.

*Geo. H. Niles* and *Lindbergh & Blanchard,* for respondent.

START, C. J.

Action by plaintiff, as administrator of the estate of his deceased wife, to recover possession of the land described in the complaint, of which she died seised. The defendants are in possession thereof by virtue of an executory contract for its purchase, made by the plaintiff for himself, and which also purported to have been made by him as guardian of the minor children of his wife.

This is the second appeal in the case. On the first appeal (91 Minn. 121, 97 N. W. 648) it was held that the fact that the plaintiff had been

[1] Reported in 106 N. W. 962.

appointed administrator was prima facie evidence that as such he was entitled to the possession of the land, and that the burden was on the defendant to show that possession of the real estate by the administrator was not necessary for the purposes of administration of the estate of the deceased, or, in other words, to show that the personal property belonging to the estate was amply sufficient to pay the debts against the estate and the expenses of settling the same. The second trial of the action was without a jury. Findings were made to the effect that possession of the premises by the plaintiff as administrator was at the time of the commencement of the action and still is necessary for the purposes of the administration of the estate, and as a conclusion judgment was directed for the plaintiff as administrator for the recovery of the possession of the land. The defendants appealed from an order denying their motion for a new trial.

1. The first claim urged by the defendants is that the finding that possession of the land by the administrator was necessary for the purposes of administration of the estate is not sustained by the evidence. An administrator is entitled to the possession of the real estate of his intestate as against his heirs or their assignees, if it be necessary for the purposes of administration. It is not sufficient, in order to defeat such right, to show that there is no absolute necessity for his taking such possession, nor to show that the personal estate will probably be sufficient for the payment of the debts against the estate and the expenses of administration. The evidence must show that in fact the personal property is sufficient for the purposes of administration. We have fully considered the evidence upon this question, and find that, if credence be given to the testimony of the plaintiff, a question for the trial judge, the finding complained of is sustained by the evidence within the rule stated.

2. The defendants further urge that the evidence discloses that the purpose and design of the plaintiff in bringing the action was to enable him by indirection to absolve himself from performance of his individual contract for the sale of his interest in the land. Such may have been one of his motives for bringing the action, but if, as we hold on the findings of the trial court, he had a legal right to bring the action, his motive in so doing is immaterial, except as affecting the credibility of his testimony.

3. The last contention of the defendants is that the trial court erred in admitting evidence of the value of the services of the plaintiff's attorney in this action. It was error; for, if there was no reasonable necessity for the administrator to take possession of the land for the purposes of administration, he could not create such necessity by commencing an action for the recovery of the possession of the land and thereby incurring costs and attorney's fees. But it was error without prejudice, for the court found as a fact, and the finding is sustained by the evidence, that the possession of the land by the administrator was necessary for the purposes of administration at the time of the commencement of this action. ·

Order affirmed.