## GLENCOE DITCHING COMPANY v. CHARLES MARTIN.[1]

### January 28, 1921.

### No. 22,105.

**Administrator not authorized to contract for ditch.**

1. An administrator has no power to bind the estate by a contract for an extensive drainage ditch improvement upon the land of the estate. If he contracts for such improvement he binds himself alone.

**Pleading — evidence admissible under general denial.**

2. When a plaintiff in his complaint alleges a contract with defendant and performance by himself, proof that the contract was different from that alleged by plaintiff, and that the contract entered into was not performed by plaintiff, is admissible under a general denial.

Action in the district court for Redwood county to recover $440 for construction of a drainage ditch. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict, and directed a verdict in favor of plaintiff for $457. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Bert O. Loe,* for appellant.

*N. R. Ryerson* and *Albert H. Enersen,* for respondent.

[1]Reported in 181 N. W. 108.

HALLAM, J.

In 1919, defendant was administrator of the estate of Henry C. Martin, deceased. Part of the property of the estate was a farm in Redwood county. In 1919, plaintiff constructed a ditch through this land pursuant to contract with defendant. Defendant told plaintiff the land belonged to the estate, and that he was acting as administrator for the estate.

The complaint alleged an express contract by which plaintiff was to construct a ditch through the land in question to the length of 220 rods, and that defendant agreed to pay therefor at the rate of $2 per rod. The answer was a general denial. On the trial defendant offered to prove that the agreement was that plaintiff should construct the ditch, not only through the Martin farm, but that he should continue it through other land below, for a distance of three quarters of a mile, and that in fact plaintiff constructed the ditch only through the Martin farm. Some testimony to this effect was received and later stricken out as not admissible under a general denial. The court then directed a verdict in favor of plaintiff. Later the court granted a new trial on the ground of errors in law occurring at the trial.

1. Question is raised on this appeal as to the personal liability of defendant on this contract. We have no doubt that defendant is personally liable for whatever obligation he incurred. An administrator is entitled to the possession of the real estate of the deceased, has the right to receive the rents and profits, and is obliged to "keep in * * * repair all houses, buildings and fixtures thereon which are under his control." G. S. 1913, § 7296. The title vests in the heirs immediately on the death of the intestate. The administrator has no title to or interest in it, save only the right to possession during administration, and to sell it if necessary for the payment of debts of the intestate. Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197; Jenkins v. Jenkins, 92 Minn. 310, 100 N. W. 7. He may lease it, but only for the term of administration. Smith v. Park, 31 Minn. 70, 16 N. W. 490. He is for most purposes only a custodian during the period of administration of the estate and for purposes of administration only. He has no power to bind the estate by contracts for permanent improvements and if he incurs obligation for such improvements he binds himself alone. Ness v. Wood, 42 Minn.

148 M.—12.

427, 44 N. W. 313; 18 Cyc. 881. The improvement contracted for in this case was of a permanent character. The trial court held defendant liable on the contract and in this there was no error.

2. The only other question necessary to consider is whether it was error to reject defendant's testimony as to the contract between the parties. We are of the opinion that it was. Under a general denial, defendant may offer any evidence tending to disprove the allegations of the complaint. When the plaintiff in his complaint alleges a contract with defendant and performance by himself, proof that the contract was different from that alleged by plaintiff and that the contract entered into was not performed by plaintiff, is admissible under a general denial. Hellmuth v. Benoist, 144 Mo. App. 695, 129 S. W. 257. See Ortt v. Minneapolis & St. L. Ry. Co. 36 Minn. 396, 31 N. W. 519; Scone v. Amos, 38 Minn. 79, 35 N. W. 575; Bucy v. Pitts Agric. Works, 89 Iowa, 464, 56 N. W. 541. For this error the court properly granted a new trial.

Order affirmed.