## CECELIA McHUGO v. JAMES NORTON, JR.[1]

April 11, 1924.

No. 23,816.

**Administratrix not entitled to an accounting.**

1. The finding of the court that all of the heirs of a decedent who died in 1911, of whose estate the plaintiff was appointed administratrix in 1919, consented to the possession and use of the estate, which consisted of 200 acres of farm land, by the defendant, who was an heir, and to the payment of rent therefor to the widow of the decedent, is sustained; and under the findings and the evidence the plaintiff is not entitled to an accounting from the defendant nor can she charge him as an executor de son tort.

**Administratrix not entitled to possession of decedent's land.**

2. Upon the death of a decedent his land descends to his heirs, who are entitled to possession, subject to the right of the personal representative to possession for administration. The plaintiff, administratrix, has a fractional interest in the land of the decedent. The defendant, an heir, long ago purchased the interests of the heirs other than the plaintiff. He was in occupancy, at the time of the death of the decedent, as tenant and continued in occupancy afterwards, paying rent to the widow with the assent of all the heirs. There were no debts and no personal property. There is nothing to administer. Under such circumstances, and after the long delay, the plaintiff who as representative has nothing to do but proceed to final decree, and represents no interest adverse to the defendant except her own, will not be given possession.

Action in the district court for Waseca county for an accounting and to recover possession of certain real property. The case was tried before Childress, J., who, without having the evidence before him, made findings and ordered judgment in favor of plaintiff. Defendant's motion to add to the findings and amend the conclusion of law so as to find in favor of defendant, was granted, after the judge had read the testimony. Plaintiff moved to vacate the second decision and reinstate the first decision. Her motion for a new

[1]Reported in 198 N. W. 141.

trial was granted, unless within ten days after the filing of the order defendant furnished plaintiff a proper bond in the sum of $1,000, conditioned to pay all properly and legally taxable costs and expenses incurred by her as administratrix promptly upon approval of her final report as administratrix by the probate court of Waseca county. From the order granting her a new trial upon the condition mentioned above, Converse, J., acting in place of Senn, J., plaintiff appealed. Affirmed.

*Leach & Leach*, for appellant.

*Moonan & Moonan*, for respondent.

DIBELL, J.

Action by Cecelia McHugo, as administratrix of James Norton, deceased, against James Norton, Jr., for an accounting, and to recover possession of real property owned by the decedent at his death. There were findings for the defendant. The plaintiff appeals from the order denying her motion for a new trial.

1. James Norton died intestate on February 15, 1911. There survived him his widow and 3 sons and 6 daughters. The defendant is the younger son. He left no personal property and had no debts. The funeral expenses were paid by the widow. He owned 200 acres of land. That was his whole estate. The defendant, at the time of his father's death, was farming 160 acres, paying $300 per annum rent. Afterwards he paid the rent to his mother. Sometimes he farmed the remaining 40 acres; sometimes he rented it to another. In either event the annual rental of $75 was paid to his mother. The jury found that the reasonable annual rental of the 160 acres was $300, and of the 40 acres $75. Besides paying the rent the defendant paid the insurance and attended to the upkeep of the property.

The widow upon the death of her husband took an undivided 1/3 of the 200 acres. Advancements were made to the 3 sons in lieu of all rights in the estate. The plaintiff, a daughter, took by descent, assuming the advancements effective, 1/6 of 2/3. One daughter deeded her 1/6 to the plaintiff and the defendant and three of the sisters. This gave the plaintiff an additional fraction. In 1918

the defendant bought the interests of his mother and all of the children except the plaintiff.

In 1919 the plaintiff was appointed administratrix. The court finds in substance that the rents were paid by the defendant to his mother with the consent of the other heirs. The evidence sustains the finding. It probably requires it. All questions of propriety of the remedy aside, the plaintiff as representative cannot recover rents paid by the defendant to his mother, or the value of the use, nor is she entitled to an accounting. The parties are concluded by their assent during all these years to what was done. They were willing it should be done. Under the findings, and the evidence and law as we understand it, the defendant cannot be held as an executor de son tort.

2. The plaintiff as representative has now nothing to do except close the estate. There should be a final decree.

The rule is that the heirs are entitled to the land of their ancestor except as against the personal representative needing it for administration purposes. Dunnell, Minn. Dig. and Supp. §§ 2722, 3567; Dunnell, Minn. Prob. Law, § 738; G. S. 1913, § 7296; Woerner, Am. Law Adm. (3d ed.) 1117-1125. There is nothing to administer and no debts to pay. In Kern v. Cooper, 97 Minn. 509, 511, 106 N. W. 962, it is suggested that if there is no necessity for taking possession of the land for purposes of administration the personal representative can not create a necessity by commencing an action for the recovery of possession and incurring expense therein.

In 1896 the defendant received from his parents a deed of 80 acres. In it there was a reservation of the use and possession to the grantors or the survivor of them. There was a covenant that the defendant would not mortgage or encumber the property during the life of either of the grantors. The agreement was that he received the land as an advancement in lieu of his interest in the estate of the grantors. In 1902 the parents of the defendant gave him a quitclaim deed releasing the "conditions and reservations the grantors herein reserved to themselves or either of them" in the prior deed. There is now a suggestion on his behalf, we do not know how seriously intended, that this deed made the gift by way

of an advancement an absolute gift, and that he is entitled to share with the other heirs, his sisters, in the 200 acres. The question of his right is not determined. It is for the probate court.

There is little to be done. What is to be done should have been done 12 or 13 years ago. The parties thought to settle the estate amicably without probate administration and they have failed as like efforts often fail. Probate is necessary to make a record title. Probate was particularly desirable because of the deeds of advancement. There is now a quarrel between the plaintiff, as an heir, and the defendant, in which most of the other heirs take sides. If the parties are disposed, the probate of the estate can be closed in short time and with little effort and trifling expense. If they desire to litigate, there is material at hand for a prolonged controversy wasting the property of all. It is not our province to suggest how parties should settle their controversies. That is for them. But it is evident that there is no real necessity of wasteful litigation here, and that the parties can have their rights speedily and inexpensively determined if they choose. It may be noted that up to the present time the plaintiff, as heir of her father, has not been wronged. She has the interest in the estate which the law gives her, and the interest which she acquired by the deed from one of her sisters. The defendant has not deprived her of it, and he cannot. Altogether it is but a fraction of the estate. The defendant may have been at fault in opposing administration. After all the delay, to which all assented, and after the defendant has acquired all of the 200 acres except that owned by the plaintiff individually, and there being no debts to pay nor estate to administer, the plaintiff, as administratrix, should not now recover possession. If she is put to litigaton in so simple a matter as closing the final decree she has her remedy for reimbursement for expenses by selling the land, if necessary, and probably is not without other relief. The remedy of an individual cotenant under G. S. 1913, § 8084, is not for consideration here.

Order affirmed.