## JOHN A. BRANDES AND OTHERS v. BARBARA E. HASTINGS.[1]

April 17, 1925.

No. 24,518.

**In action for cancelation of deed, no evidence of undue influence.**

1. There was no evidence tending to establish that undue influence induced the grantor to execute the deed herein sought to be set aside by the heirs.

**Consideration adequate.**

2. The consideration recited in the deed is adequate, but the grantor could lawfully convey as a gift.

**Finding of delivery sustained.**

3. The evidence amply sustains the finding that there was a delivery of the deed by the grantor to the grantee.

1. See Deeds, 18 C. J. p. 445, § 552.
2. See Deeds, 18 C. J. p. 166, § 47.
3. See Deeds, 18 C. J. p. 438, § 541.

Action in the district court for Hennepin county to cancel a deed. The case was tried before Leary, J., who ordered judgment in favor of defendant. Plaintiffs appealed. Affirmed.

*John N. Berg* and *Adolph E. L. Johnson,* for appellants.

*Hubachek & Schall* and *A. X. Schall, Jr.,* for respondent.

HOLT, J.

Action to set aside a deed and the record thereof on the ground that it had not been delivered. Findings for defendant, and plaintiffs appeal from the judgment entered pursuant thereto.

[1]Reported in 203 N. W. 430.

The grantor, Adam. Butter, worked as a chef and defendant as a pastry cook in the Holmes hotel, in Minneapolis, many years ago. A friendship then arose which lasted until Mr. Butter's death, November 16, 1921, when he was about 80 years old. He had been a widower for many years, with no children. Plaintiffs are his nephew and nieces. He came to live with defendant in the spring of 1917, and continued to live at her home until his death. He died from cancer. The only real estate he owned was the lot with a duplex which he conveyed to defendant by the deed here attacked. The consideration named was "one dollar and other valuable considerations." It was executed on August 3, 1920. There was testimony that, at the time when signed and acknowledged and the dollar paid by the grantee to the grantor, the latter handed the deed to the former declaring it was hers. It also appears that the two had jointly rented a box in a bank vault, each having a key thereto. A day or two after the deed was executed it was deposited in the box by Mr. Butter. There was also testimony to the effect that shortly before his death he sent for all his papers in the box, and that when he got them.he took this deed, handed it to her, telling her it was a deed to the house, that it was hers, that he was sorry he could do no more for her considering all she had done for him and his wife. The deed was in an envelope on which Mr. Butter had written her name. The day he died defendant went to the box in the bank vault, took the deed and recorded it.

Plaintiffs, in addition to the claim of nondelivery, allege that the deed was obtained by undue influence. It is enough to say that as to undue influence the record is entirely barren of any evidence tending in that direction. Every witness who testified as to the character and mentality of Mr. Butter spoke highly thereof. He was a man not likely to be swayed by undue influence, even had there been a showing of its being employed. That he appreciated the home defendant provided him for the small compensation of twenty dollars per month is clearly to be inferred, also that he felt free to dispose of the premises to whom he chose, his nieces and nephew being under obligations to him for past favors rather than he to them. Thill v. Freiermuth, 132 Minn. 242, 156 N. W.

260, and the authorities therein cited, clearly shows that the evidence here does not come anywhere near proving that any undue influence, in a legal sense, induced the making of this deed.

No consideration was required to make the conveyance valid. Deceased had the right to give the premises away. Moreover, in the phrase "one dollar and other valuable considerations" the good home he had had and expected to have during his remaining days may be included. That in itself would be a legal consideration. In Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525, it was said: "If the deed was delivered the property never became part of the estate, even though the deed was without consideration."

The main question is as to delivery. This was a question of fact. As said in Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574: "The question of delivery of a deed or other written instrument is one of intention, and, to constitute a complete delivery thereof, the grantor must deal with it in a way evincing an intention to part presently and unconditionally with all control over it, and that it shall take effect according to its terms." The authorities are cited in Kessler v. Von Bank, 144 Minn. 220, 174 N. W. 839, and there is no conflict in the decisions on this point. There are items of evidence tending to prove a nondelivery, such as the fact that the grantor continued to collect the rent, paid the taxes, perhaps, and did not change the fire insurance which was payable to him. On the other hand, there is the positive testimony of the scrivener and the witness to the deed of manual delivery, and the grantor's declarations to the tenants and others, after the deed was signed, that the property was defendant's. One persuasive piece of evidence is that a short time after the execution of the deed, he made his will by which he disposed of all his personal property, making no reference to this real estate. One cannot well read the record without being impressed with Butter's fixed purpose of conveying the property to defendant. He meant her to receive it. He desired to make a lawful transfer by means of the deed signed and acknowledged in August of 1920, and there is nothing to show that he intended to undo or revoke what then was done. The incidents connected with this transaction are far different from those recited in Vreeland v. Vreeland, 48

N. J. Eq. 56, 21 Atl. 627, and upon which the trial court found there had been no delivery in that case. We think there is so much to be said in favor of the finding of a delivery here that no appellate court is warranted in disturbing the same. The credibility of the witnesses and the inference of intention of the parties to the deed were for the trial court.

The judgment is affirmed.