# MILDRED M. BOWEN v. ELLSWORTH W. WILLARD AND OTHERS.
## ANNE C. MOREHART, APPELLANT.[1]

July 22, 1938.

No. 31,767.

[1]Reported in 281 N. W. 256.

*Smith & Smith* and *J. C. Craig*, for appellant.

*Bowen, Best, Flanagan & Rogers* and *Ivan Bowen*, for respondent.

PETERSON, JUSTICE.

This action is brought to recover certain rents collected and held by defendant Willard. One William J. Morehart, Jr. was the owner of a farm in Blue Earth county. Morehart lived in California and employed Willard as his agent to rent the farm and collect the rent. Some of Morehart's relatives made claims to the land. After Morehart died Willard continued to rent the farm and collect the rents, and, not knowing who was entitled to the same, held them for the persons entitled thereto. Willard leased the farm on shares. After deducting all charges and commissions, Willard had $3,855.18 on hand representing the net amount due from the farm for the years 1931-1932, 1932-1933, 1933-1934, 1934-1935, and part of 1936. Except for the years 1933-1934, there was no written lease. The testimony does not definitely show when the rent was due, but it does show that the rents were collected subsequent to October of each year and sometimes four or five months later. Presumably the rents were due when they were collected. A written lease for the years 1933-1934 was received in evidence, by the terms of which the lessor was entitled to his share upon a reasonable demand, except that the cash rent for pasturage lands due under that lease was to be paid on or before October 1, 1933. There is no evidence to show when the pasturage rent was due in 1932. The only evidence on this point is that the rent was received subsequent to October. The parties did not dispose of certain corn under the 1931-1932 lease but carried it over until 1933, when it was sold by the defendant Willard and shared with the tenant. After his death, Morehart's relatives relinquished their claims to the land and the rents to the plaintiff. Morehart died intestate on October 1, 1932, in California where he then resided. His widow, Anne Morehart,

was appointed administratrix of his estate by the superior court of Los Angeles county, California, on December 13, 1932, and, after the settlement and allowance of her final account, was discharged on November 7, 1935. Neither the farm nor the rents were listed as assets nor was any reference made to them in the probate proceedings. On September 10, 1936, pursuant to a statute of California, the court reappointed Mrs. Morehart administratrix, and she intervenes as administratrix under this latter appointment. In March, 1934, Anne Morehart by quitclaim deed conveyed the farm to her brother-in-law, Malcolm Morehart, who quitclaimed the property to plaintiff. In April, 1936, Anne Morehart, as administratrix, and in May, 1936, individually, assigned to plaintiff all claims for past or future rent and causes of action therefor arising out of the ownership of this farm belonging to William J. Morehart, Jr., deceased. Plaintiff claims the rents as the grantee of the farm and the assignee of Anne Morehart, the sole heir of William J. Morehart, Jr. Anne Morehart, as administratrix of the estate of William J. Morehart, Jr., deceased, as intervener, claims the fund under the appointment as administratrix by the California court on September 10, 1936, as personal property for administration in California, and intervenes in this action as such administratrix under 2 Mason Minn. St. 1927, § 9660. In her individual capacity, as defendant, she claims that the deed and the assignments are void because they were obtained by fraud and without consideration. Plaintiff prevailed below.

■ The intervention by the administratrix is permissible under 2 Mason ·Minn. St. 1927, § 9660, which provides that any foreign executor or administrator may commence or prosecute an action in this state in his representative capacity in the same manner and under the same restrictions as in the case of a resident. The statute, recognizing the want of power and capacity of foreign executors and administrators to act within our jurisdiction, as an act of comity confers upon them the right to sue in our courts. Pott v. Pennington, 16 Minn. 460 (509) ; Pope v. Waugh, 94 Minn. 502, 103 N. W. 500. Rents of lands in Minnesota are not assets of an estate

being administered in California, to which an executor or administrator appointed in that state is entitled. Estate of Blythe (Cal.) 2 Coff. Prob. Dec. Ann. 152; Price v. Ward, 25 Nev. 203, 58 P. 849, 46 L. R. A. 459; note, 99 A. L. R. 1135. A foreign executor or administrator is not authorized by the statute to maintain an action the basis of which is right of possession of the real property of the decedent. Under our statutes, lands are assets only in the hands of an executor or administrator appointed by our courts. Pott v. Pennington, *supra;* Smith's Executors v. Wiley, 22 Ala. 396, 58 Am. D. 262; Fairchild v. Hagel, 54 Ark. 61, 14 S. W. 1102; McPike v. McPike, 111 Mo. 216, 20 S. W. 12; Bryan v. Bliss-Cook Oak Co. (8 Cir.) 178 F. 217; note, 40 L. R. A. 344. Where the foreign representative asserts rights in our courts which he has by virtue of the laws of the state where he was appointed, as in State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145, a different situation is presented.

■ Even a personal representative appointed by our courts could not successfully maintain the claims of the intervener in the present action. All the rents were received by Willard subsequent to the death of William J. Morehart, Jr. Presumably, they were received as they accrued. There is no finding, nor does the evidence compel one, that any of the rents accrued before decedent's death. Anne Morehart was the sole heir of the decedent. At common law an executor or administrator was not entitled to the possession or rents of lands of the decedent, because real property descended immediately to the heirs free from administration. The executor's or administrator's right of possession is statutory. 2 Mason Minn. St. 1927, § 8786 (reënacted L. 1935, c. 72, § 89, 3 Mason Minn. St. 1938 Supp. § 8992-89) provides that the personal representative shall be entitled to the possession of all real and personal estate of the decedent which has not been set apart for the surviving spouse or children, and shall be charged with all such property; that he shall collect the rents and earnings thereon until the estate is settled or until delivered by the probate court to the heirs, legatees, or devisees; and that he shall keep in tenantable repair all buildings

and fixtures under his control. This statute was copied from the statute of Wisconsin, which previously had obtained it from Michigan. Its meaning had been determined by judicial construction before its adoption here. The history and construction of the statute are given in Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197. The statute is not imperative, but merely permissive. It confers on the personal representative the right of possession of the decedent's real estate for the purposes of administration, and, notwithstanding the statute, the title to real estate vests as at common law, at death in the heirs, who are entitled to possession and all rights incident thereto, unaffected by the statute, until the personal representative exercises his right under the statute to take possession. Paine v. First Div. St. P. & P. R. Co. 14 Minn. 49 (65); Pott v. Pennington and Noon v. Finnegan, *supra;* Kern v. Cooper, 91 Minn. 121, 97 N. W. 648; Jenkins v. Jenkins, 92 Minn. 310, 100 N. W. 7; Ruff v. Schafer, 157 Minn. 485, 196 N. W. 661; McHugo v. Norton, 159 Minn. 90, 198 N. W. 141. For example, we held that an executor or administrator who has not taken possession of the deceased's real estate, or obtained license to sell, cannot maintain an action where the right asserted is based on the fact of possession, such as an action to remove a cloud on title, Paine v. First Div. St. P. & P. R. Co. *supra;* or to recover for trespass to the real estate, Pott v. Pennington, *supra.* The heir's right of possession carries with it the right to rents. Masterson v. Girard's Heirs, 10 Ala. 60; Brown v. Forsche, 43 Mich. 492, 5 N. W. 1011; Jones v. Billstein, 28 Wis. 221, 228. Where the heir is in possession under his own right and the personal representative has not asserted his right under the statute to take possession, the heir is not accountable to the personal representative for rents and profits received by him during his possession; and, while, as between the representative and third parties, the representative's possession relates back to the time of the death of the decedent, the rule has no application as between the representative and the heirs, because the heir has the right of possession until the administrator claims it. Howard v. Patrick, 38 Mich. 795, 802, in which the court said: "Until the ad-

ministrator took or claimed possession under the statute the possession of the heirs was a rightful one, and they were not accountable to any person for the rents and profits thereof while so in possession." Note, 40 L. R. A. 343; 2 Woerner, Am. Law of Administration (3 ed.) 1121-1122, § 337, note 1. The administratrix did not take or attempt to take possession of the land in her representative capacity. Since possession of the decedent's land by his personal representative under our statute is a condition precedent to a right to claim the rents, the administratrix has not established her claim.

■ Defendant Anne Morehart claims that the deed of March, 1934, was void for want of consideration. It is not necessary as between the parties that there be a consideration for a deed. A party may give away his property. Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525; Brandes v. Hastings, 163 Minn. 15, 203 N. W. 430; 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2659; 8 R. C. L. 961, § 35.

■ The same contention is made with respect to the assignments, and we make the same ruling for the same reason. An assignment need not, as between the parties, be made upon a consideration. Hayday v. Hammermill Paper Co. 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210, in which we said (p. 319) that the fact that an assignment is without consideration "is of no legal consequence." 4 Am. Jur. p. 296, § 83; Restatement, Contracts, § 150; see Jackson v. Sevatson, 79 Minn. 275, 82 N. W. 634.

While the assignment of April, 1936, was without effect because it purported to be made by Anne Morehart as administratrix, when at the time she was not administratrix and could not act as such, the assignment of May, 1936, was valid and effective to transfer to plaintiff all the rents due and to become due.

■ The claim of fraud is based upon a showing by Anne Morehart that she signed a paper in April, 1936, at the request of her brother-in-law, Malcolm Morehart, which she says he represented related not to her husband's but to her father-in-law's estate. She did not identify the paper upon the trial as the deed or one of the

assignments. She testified that she did not sign any instruments, deeds, assignments, or bills of sale prior to 1936. The evidence conclusively shows that she signed the deed in 1934. Assuming that the paper referred to was the assignment by her as administratrix in April, 1936, which is the only paper shown to have been signed by her at that time, it does not show any fraud in the procurement of the deed in March, 1934, or the assignment by her individually in May, 1936. Clearly, the claim of fraud was not proved.

The findings that plaintiff acquired title to the rents in the hands of Willard by the quitclaim deeds and the assignments are sustained.

Affirmed.

