The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Respondent,

ITT Life Insurance Corporation, et al., Plaintiffs,

v.

Dayle K. ANDERSON, individually and as personal representative of the Estate of Dawn M. Anderson, Respondent,

William Fletcher, as personal representative of the Estate of Robert Fletcher, Defendant,

Marlys Albrecht, Respondent.

Ryan PAUGH, By and Through his Guardian Ad Litem, James NOONAN, Appellant,

and

James C. Noonan, Personal Representative of the Estate of Robert Fletcher, and as Guardian Ad Litem for Ryan Paugh, a minor, Appellant,

v.

ALLSTATE LIFE INSURANCE COMPANY, Defendant,

Dayle Anderson, individually and as Personal Representative of the Estate of Dawn Anderson, Marlys Albrecht, Respondents.

No. C5–93–253.

Court of Appeals of Minnesota.

Aug. 17, 1993.

Review Denied Oct. 19, 1993.

James R. Crassweller, Doherty Rumble & Butler, St. Paul, for The Minnesota Mut. Life Ins. Co.

John M. Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Dayle K. Anderson, individually and as personal representative of the Estate of Dawn M. Anderson.

William R. Skolnick and LuAnn M. Petricka, William R. Skolnick, P.A., Ronald I. Meshbesher, Meshbesher & Spence, Minneapolis, for Marlys Albrecht.

James F. Dunn, James F. Dunn & Associates, P.A., St. Paul, for Ryan Paugh by and through his Guardian Ad Litem, James Noonan, and James C. Noonan, Personal Representative of the Estate of Robert Fletcher, and as Guardian Ad Litem for Ryan Paugh, a minor.

Considered and decided by PARKER, P.J., and LANSING and THOREEN, JJ.*

## OPINION

LANSING, Judge.

An estate appeals the denial of its post-trial motions for judgment notwithstanding the verdict or for a new trial. It assigns as error the court's denial of its request to amend its pleadings and the court's refusal to give the jury the estate's proposed instructions and special verdict form. We affirm.

* Retired judge of the district court, acting as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

This action has a complex procedural history but essentially narrows in this appeal to a dispute between Robert Fletcher's estate and Marlys Albrecht, to whom Fletcher was engaged to be married and to whom he purportedly transferred, to repay indebtedness, various property rights shortly before he committed suicide. Those rights included Fletcher's claim to the proceeds from insurance policies of Dawn Anderson, who died several months before Fletcher's suicide.

The insurance companies commenced interpleader actions, later consolidated, to determine whether the policies were valid and who was entitled to the proceeds. Fletcher's estate and Albrecht were two of the claimants. The estate claimed the proceeds because Fletcher was the named beneficiary. Albrecht claims that Fletcher assigned the proceeds to her in an October 24, 1985, document drafted shortly before his suicide.

The probate court ruled that the October 24 document was not a valid will. In response the estate sought a declaration that the document also was not a valid assignment. Albrecht successfully stayed this second action by arguing that the issue should be decided in the interpleader action. The district court then bifurcated the assignment issue from the other issues.

Following a hearing the district court granted the estate's motion for summary judgment, but this court reversed and remanded the case for trial to determine whether the document was a valid assignment. *Minnesota Mut. Life Ins. Co. v. Anderson*, No. C2-91-2151, C9-92-21, 1992 WL 89619 (Minn.App. May 5, 1992). The jury found by special verdict that the document was a valid assignment, and the estate appeals.

## ISSUE

Did the trial court err in instructing the jury, constructing the special verdict, or denying the motion to amend?

## ANALYSIS

Under Minnesota law no particular form of words is required for an assignment, but the assignor must manifest an intent to transfer and must not retain any control or any power of revocation. *Guaranty State Bank of St. Paul v. Lindquist*, 304 N.W.2d 278, 280–81 (Minn.1980). One commentator states the requirements as follows:

> To make an effective assignment of a contract right, the owner of that right must manifest his intention to make a present transfer of the right without further action by him or by the obligor. * * * It is important not to confuse an assignment, which is a present transfer, with a contract, which is a promise of future performance.

Farnsworth, Contracts § 11.3 (1982).

An assignment may be gratuitous or for value:

> If an assignee gives value for the assignment, it is not gratuitous and is therefore not revocable. It is important to remember that an assignment is a transfer, not a contract (a promise), and to understand that whether a *transferee* has given *value* is not the same question as whether a *promisee* has given *consideration*. * * * An assignee gives value if he takes the assignment either in exchange for something that would be consideration for a promise, or as security for or in total or partial satisfaction of a pre-existing obligation.

Farnsworth at § 11.6 (emphasis in original).

In challenging the jury instructions and the special verdict form, the estate in part reiterates a position that was rejected in the first appeal to this court. That decision rejected the argument that because the probate court found the document an unsuccessful attempt to make a will, the document is void for all purposes. It stated that a document that is invalid as a will may be valid for some other purpose. The case was remanded for a determination of whether the document constituted a valid assignment.

In its special verdict, the jury found that Fletcher intended the transfer via the October 24 document to be an assignment and not a gift. The district court characterized it as an "assignment by contract," terminology that this court also used in the earlier opinion. The Fletcher estate objected to the instructions and verdict form given to the jury because they did not require the jurors to answer whether Fletcher intended the document to be a will and did not require them to find that all elements of a contract had been satisfied. Specifically, the estate claimed the instructions and verdict form were deficient because they did not require the jurors to find that Fletcher made a valid offer to Albrecht and that she accepted the offer prior to Fletcher's death.

■ The estate's objections are not persuasive. First, it provides no authority for its assertion that the intent to make a will precludes any other intent, such as the intent to make an inter vivos assignment. We agree with the district court's broader approach to intent. The jurors were asked whether Fletcher intended by the document to transfer anything or everything listed. Because earlier judicial proceedings had already determined that the document was not valid as a will, the only remaining question was whether it was valid as any other sort of transfer. The jury concluded that it was a valid assignment.

■ Second, there was no need to instruct the jury on the elements of contract because, as noted earlier, the requirements for an assignment are not the same as those for a contract. Although the court of appeals and the district court used some contract terminology and made some statements suggesting that contract elements must be satisfied, in fact neither of those courts discussed contract elements such as offer and acceptance, and both presented essentially accurate statements of the required elements of an assignment.

Although terminology used in previous decisions may have generated some confusion about the elements of a valid assignment, a reading of the cases shows that they are not substantively at odds with our analysis. *Cooke v. Belzer*, 413 N.W.2d 623, 626 (Minn.App.1987), cited in this court's May 5, 1992, decision, states that a "valid assignment may be the result of either a gift or a contract." *Cooke* cites *Bowen v. Willard*, 203 Minn. 289, 294, 281 N.W. 256, 259 (1938) to support that proposition.

But *Bowen* says only that "[a]n assignment need not * * * be made upon a consideration." 203 Minn. at 294, 281 N.W. at 259. *Bowen* thus acknowledges the validity of *gratuitous* assignments but says nothing about the requirements for an assignment for value. In addition, while *Cooke* itself uses the phrase "assignment by contract," it seems to use the term "assignment" in a generic way more akin to "transfer" than as a legal term of art. That section of the *Cooke* decision clearly talks about the elements necessary to form a binding contract rather than how to make a valid assignment of rights.

The jury instructions relating to Fletcher's manifestation of intent to make a present transfer and the transfer for value to Albrecht of the right to the insurance proceeds accurately reflect the elements of a nongratuitous assignment. The district court did not err in refusing the estate's proposed jury instructions or special verdict form.

■ The evidence addresses the elements of a valid assignment. Fletcher used the words "I assign" four times in the document, and he specifically mentioned the assignment of the insurance proceeds. There was additional evidence of a phone conversation between Fletcher and Albrecht discussing the contents of the document.

Fletcher also made a ten-minute tape recording in which he spoke about transferring his property to Albrecht. Fletcher left the tape and the handwritten document in his apartment, to which Albrecht had keys. Albrecht testified about her relationship with Fletcher and their conversations about his repaying her for the loans she had made to him.

This evidence is sufficient to support the verdict. The trial court did not err in denying the Fletcher estate's posttrial motion for judgment notwithstanding the verdict. *See Lamb v. Jordan,* 333 N.W.2d 852, 855 (Minn.1983) (JNOV may be granted only when the evidence on one side is so overwhelming that reasonable minds cannot differ as to the proper outcome).

Finally, the Fletcher estate challenges the district court's denial of its motion to amend its pleadings on the first day of trial to assert the affirmative defense of fraudulent conveyance under Minn.Stat. § 513.44(a). The court ruled that the request was untimely and the offer of proof insufficient. The record supports our conclusion that the district court did not abuse its discretion by refusing to allow the amendment.

## DECISION

The October 24 document constituted an effective assignment of Fletcher's rights to the insurance proceeds because the jury found he manifested an intent to make a present transfer of the right and the transfer was not gratuitous. We affirm the district court's denial of the Fletcher estate's posttrial motions for judgment notwithstanding the verdict or for a new trial.

**Affirmed.**