# CHURCH OF SAINT MARTIN OF MINNEAPOLIS v. THE FRISSELL COMPANY.[1]

June 16, 1944.

No. 33,730.

*Russell Smith,* for appellant.
*Gleason, Ward & Orff,* for respondent.

MAGNEY, JUSTICE.

On May 1, 1940, Welles Eastman, as administrator of the estate of Isaac Skiles, Jr., deceased, by written instrument leased to defendant Frissell Company certain premises in the city of Minneapolis for a term of three years commencing on that date. Defendant entered into possession. The lease contained the following provision: "In the event that lessor is still the acting administrator of the estate of Isaac Skiles, Jr., deceased, at the expiration of this lease, then and in that event the lessee shall have the option

[1]Reported in 15 N. W. (2d) 20.

of renewing this lease for a three-year period from the date of the expiration thereof." On December 30, 1941, Eastman assigned and transferred to plaintiff all his interests as lessor in said lease, together with all rents then accrued or thereafter to accrue.

An undivided one-fourth interest in and to the premises was assigned to Marjorie Innes, an heir-at-law of deceased, on May 17, 1941, under a decree of partial distribution in said estate by the probate court of Hennepin county. On December 31, 1941, plaintiff purchased an undivided three-fourths interest in the property from the Skiles estate and the undivided one-fourth interest of Marjorie Innes. It took possession January 1, 1942. Thereafter plaintiff collected and received the rents until May 1, 1943. Eastman is still the administrator of the estate and was such on May 1, 1943. On or about August 10, 1942, plaintiff notified defendant company that the option to renew was void and of no effect. Defendant desired to exercise the option and offered to enter into a new lease with plaintiff or continue under the original one. Plaintiff refused to recognize the option and brought this action in unlawful detainer. Writ of restitution for the possession of the premises was ordered, and defendant company appeals from the judgment entered.

Eastman as administrator had the right to possession of the premises. Minn. St. 1941, § 525.34 (Mason St. 1940 Supp. § 8992-89), which provides, among other things, that the personal representative shall be entitled to the possession of all real and personal estate of the decedent which has not been set apart for the surviving spouse or children and shall collect the rents and earnings thereon until the estate is settled, or until delivered over by order of the probate court to the heirs, legatees, or devisees. It confers on the personal representative the right of possession of the decedent's real estate for the purpose of administration.

As stated in Glencoe Ditching Co. v. Martin, 148 Minn. 176, 177, 181 N. W. 108, 109:

"* * * He [the administrator] is for the most purposes only a

custodian during the period of administration of the estate and for purposes of administration only."

The provision for the renewal option of the lease in question was conditioned on a definite contingency. The lease provided for a renewal thereof "in the event that lessor is still the acting administrator of the estate of Isaac Skiles, Jr., deceased, at the expiration of this lease." At the expiration of the lease, when defendant sought to exercise its option, Eastman had not been discharged from his duties as administrator. But as to the premises covered by the lease, he was no longer administrator. By the partial decree of distribution, an undivided one-fourth interest had passed to Marjorie Innes, and the remaining undivided three-fourths interest had passed directly from the estate to plaintiff. Eastman was no longer in possession of this real estate for the purposes of administration, and it was no longer under his control as a part of the estate. It is evident that the intention of the parties here was that, if the leased property was still a part of the estate and subject to the control of the administrator as lessor at the end of the three-year term, the lessee had the option of a renewal. We think no other interpretation of the renewal clause is permissible. As Eastman was no longer acting as administrator of the property covered by the lease at the end of the three-year term, the option clause became inoperative with the failure of the contingency.

Judgment affirmed.